IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TODD RUNG,<br><br>                Plaintiff,<br><br>     v.<br><br>THOMPSON MASONRY LLC,<br><br>                Defendant. | **8:25CV543**<br><br>**ORDER** |

On August 1, 2025, plaintiff Todd Rung ("Rung") filed this lawsuit against defendant Thompson Masonry LLC ("Thompson") in the District Court of Saunders County, Nebraska. Rung alleges Thompson discriminated against him based on his age in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 and 623, and the Nebraska Age Discrimination in Employment Act, Neb. Rev. Stat. § 48-1001 *et seq.* Rung also alleges Thompson engaged in workers' compensation retaliation under Nebraska law.

On September 8, 2025, Thompson removed the case to federal court (Filing No. 1) based on federal question jurisdiction, *see* 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims, *see id.* § 1367. Rung then filed a motion to remand (Filing No. 6). The magistrate judge recommended that motion be denied (Filing No. 11) because this Court has federal question jurisdiction over the ADEA claim, supplemental jurisdiction over the workers' compensation retaliation claim, and the removal was timely.

Seemingly intent on returning to state court, however, Rung filed a motion to voluntarily dismiss the ADEA claim without prejudice (Filing No. 12) under Federal Rule of Civil Procedure 41(a)(2) before the Court could adopt the magistrate judge's Findings and Recommendation. Rule 41(a)(2) permits a plaintiff to dismiss "an action" "at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R.

Civ. R. 41(a)(2). Thompson responds that it does not object to Rung's motion to voluntarily dismiss the federal claim (Filing No. 14).

As relevant here, Rule 41(a) discusses the dismissal of "actions" but does not address the plaintiff's ability to voluntarily dismiss individual claims in a lawsuit. Fed. R. Civ. P. 41(a); 9 Wright & Miller's Federal Practice and Procedure § 2362 (4th ed. September 2025 Update) (describing the "confusion" caused by the phrasing of Rule 41(a)). At times, this Court and others have concluded that amendments under Federal Rule of Civil Procedure 15(a) are the more appropriate route to effectuating such partial dismissals. *See Mulhall v. Auto-Owners Ins.*, No. 8:24CV251, 2024 WL 3598916, at *1 (D. Neb. July 31, 2024) (requiring the plaintiff to file an amended complaint to voluntarily dismiss a claim); *accord Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (explaining that "Rule 41(a) should be limited to dismissal of an entire action"); *see also* 9 Wright & Miller § 2362 (collecting cases).

And although the Eighth Circuit has not elaborated on this issue in recent years, it previously recognized that the differences between Rule 15(a) and 41(a) may be "more technical than substantial." *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977). But given the early stage of litigation and the apparently inevitable remand, the Court will not require Rung to amend his complaint. Pursuant to Rung's motion to voluntary dismiss under Rule 41(a)(2), the federal ADEA claim is dismissed from this matter without prejudice.

While the magistrate judge correctly stated the applicable law, this case should now be remanded to state court because the Court has lost its supplemental jurisdiction over the state law claims. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) (concluding that a post-removal amendment of a complaint "to delete all the federal-law claims" deprives the district court of jurisdiction over the remaining state-law claims). Accordingly,

2

IT IS ORDERED:

1. Plaintiff Todd Rung's ("Rung") Motion to Dismiss under Rule 41(a)(2) (Filing No. 12) is granted. Rung's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 and 623, is dismissed without prejudice.

2. Rung's Motion to Remand (Filing No. 6) is granted due to the voluntary dismissal.

3. This case is remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

4. The magistrate judge's Findings and Recommendation (Filing No. 11) will not be adopted as they are mooted by Rung's voluntary dismissal of the federal claim.

Dated this 22nd day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge